UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BORDER MAGIC LLC and E. BERGMAN COMPANY d/b/a BORDER MAGIC, | ) ) ) | |
| Plaintiffs, | ) ) | 05-2111 |
| v. | ) ) | |
| RICHARD E. POHTO, | ) ) | |
| Defendant. | ) | |

## ORDER

On October 18, 2005, the plaintiffs filed a motion for default judgment [#6]. On October 21, 2005, the court entered a default against the defendant for failure to appear or plead. Thereafter, the plaintiffs filed a motion to establish damages [#7] and a motion to add an exhibit to the motion for default judgment [#14].

On December 16, 2005, the court held an evidentiary hearing to establish damages. At the hearing, as requested in the motion for default judgment, the court found the defendant indebted to the plaintiffs in the sum of $12,500.00 for the lost value of the curb-laying machine and damages, and further found attorney fees of $685.00 plus $293.35 for costs of suit to be paid to the plaintiffs by the defendant, with a written order to be entered.

On December 19, 2005, the plaintiff filed a motion to correct the proposed order regarding the motion for default judgment and the motion to establish damages [#15].

The court grants the motion for default judgment [#6], the motion to establish damages [#7], the motion to add an exhibit [#14] and the motion to correct the proposed order [#15]. In accordance with the corrected proposed order [#15-2], the court amends its December 16, 2005 ruling as follows.

It is ordered that:

(1) Default is entered against the defendant, Richard E. Pohto. Default judgment is entered in favor of the plaintiffs.
(2) The defendant is enjoined from the infringing use of the Border Magic trademark.
(3) The defendant will deliver to the plaintiffs' place of business all articles bearing the Border Magic trademark, including the Border Magic curb-laying machine in good condition, within 30 days of the date of this order.
(4) The defendant is enjoined from conducting a competing curb-laying business for a

period of five (5) years commencing on the termination date.

(5) The defendant shall pay to the plaintiffs delinquent license fees in the amount of $4,600.00 within 30 days of the date of this order.

(6) The defendant shall pay to the plaintiffs, within 30 days of the date of this order, $1,000.00 for delinquent fees related to the defendant's non-attendance of Franchisee's Annual Meeting in October 2004.

(7) The defendant shall pay the plaintiffs' attorney fees in the amount of $685.00 and court filing fees and related costs in the amount of $293.35 within 30 days of the date of this order.

(8) The defendant shall provide an accounting to the plaintiffs, within 30 days of the date of this order, of any income and/or profits derived by the defendant resulting from or in any way relating to the infringement of the Border Magic trademark or his wrongful competition in the curb-laying business.

Entered this 21st day of December, 2005.

**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE